IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RASOL DELA CRUZ and CARRIE OBERTS, on behalf of themselves and all others similarly situated,<br><br>    A Proposed Class Action<br><br>    Plaintiff,<br><br>V.<br><br>SMITHFIELD PACKAGED MEATS CORP.,<br><br>    Defendant. | Case No. 1:23-cv-17032<br>Hon. Matthew F. Kennelly |

## FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT

In the Preliminary Approval Order dated August 15, 2025, this Court scheduled a Fairness Hearing for November 13, 2025 at 9:00 a.m. to determine: (a) whether the proposed settlement between Plaintiffs Rasol dela Cruz and Carrie Oberts, individually and on behalf of each member of the Settlement Class, and Defendant Smithfield Packaged Meats Corp. (collectively, "Parties'), on the terms and conditions set forth in the Settlement Agreement and Release (the "Agreement")[1] is fair, reasonable and adequate, and (b) whether to enter a Final Order and Judgment Approving Class Action Settlement (a proposed form of which was attached as Exhibit F to the Agreement). Through the Preliminary Approval Order, the Court also ordered

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Agreement.

that the Class Notice (Exhibit D to the Agreement) be mailed to the Class in accordance with the terms of the Settlement Agreement.

The Fairness Hearing on the Agreement was duly held before this Court at which time all interested persons were afforded an opportunity to be heard. This Court has duly considered all submissions and arguments presented on the proposed settlement, including any objections or arguments against the settlement.

NOW, THEREFORE, THIS COURT FINDS, CONCLUDES, ADJUDGES AND DECREES THAT:

1. The Court has jurisdiction over the parties, all Settlement Class Members and the subject matter of this litigation. The Class Action Settlement Agreement and Release (including exhibits) is hereby incorporated by reference in this Order

2. The settlement does not constitute an admission of liability by Defendant and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

3. For purposes of implementation of this settlement and in accordance with the Agreement, the Court finally certifies the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), defined as:

> All owners/occupants and renters of residential property residing within one-and-two-tenths (1.2) miles of the Smithfield Packaged Meats Facility located at 410 S. Kirk Road in St. Charles, Illinois ("Class Area"), during the time period from December 20, 2018, through the Effective Date ("Class Period") and any Households that returned a Resident Data Sheet to Plaintiffs' counsel prior to September 29, 2024, who do not affirmatively opt out of the Agreement.

4. The Court finds that the Settlement Class satisfies the requirements of numerosity, commonality, predominance, and adequacy of representation. The Court further finds that the proposed settlement satisfies the predominance and superiority requirements of Federal Rule of Civil Procedure 23(b)(3).

5. The settlement reached between Plaintiffs Rasol dela Cruz and Carrie Oberts, individually and on behalf of each member of the Settlement Class, and Defendant Smithfield Packaged Meats Corp., on the terms and conditions set forth in the Agreement, was entered into in good faith following arm's length negotiations and is non-collusive. The settlement is fair, reasonable, adequate, in the best interests of the Settlement Class, and is hereby approved. The Court finds that the Parties faced significant risks, expenses, potential delays and uncertainties, including as to the outcome in continued litigation or on appeal of this matter, which further supports the Court's finding that the Agreement is fair, reasonable, adequate, and in the best interests of the members of the Settlement Class. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the delays and expenses associated with it, weigh in favor of approval of the settlement.

6. Plaintiffs Rasol dela Cruz and Carrie Oberts and Class Counsel (Steven D. Liddle, Laura L. Sheets, and D. Reed Solt, and the law firm of Liddle Sheets P.C., along with Marshall P. Whalley & Associates P.C.) have fairly and adequately represented the interests of the Settlement Class in this matter and in its resolution. The Court hereby confirms their appointment as Class Counsel and Class Representatives.

7. This Order and Judgment is binding upon Plaintiffs Rasol dela Cruz and Carrie Oberts, the Settlement Class, and the Defendant. The agreement between the Parties to settle this case shall be consummated in accordance with the terms and conditions of the Agreement. The parties and Administrator are directed to carry out their obligations under the Agreement.

8. The Class Notice served on the Settlement Class following entry of the Preliminary Approval Order, which included publication notice in a newspaper of general circulation within the Class Area and publication of the Agreement on a designated Settlement Website, constituted

the best notice practical under the circumstances and is in compliance with the notice requirements of due process and Fed.R.Civ.P. 23.

9. The notice served on the appropriate Federal and State officials within ten days of the filing of the motion for preliminary approval is in full compliance with the provisions set forth in the Class Action Fairness Act, 28 U.S.C. § 1715, as confirmed by the Declaration filed by Defendant. This order is being entered more than 90 days after issuance of such notice.

10. In approving this settlement, the Court gave due consideration to any objections, submissions and arguments presented against the proposed settlement, but the Court ultimately deems this settlement to be fair, reasonable, adequate, in the best interests of the Settlement Class. The Court has carefully considered all of the factors set forth in Fed.R.Civ.P. 23(e)(2).

11. Upon the Final Settlement Approval, Plaintiffs Rasol dela Cruz and Carrie Oberts and the Settlement Class are (i) deemed to have released the claims within the scope of the Released Claims as defined in the Settlement and Release Agreement, and (ii) permanently enjoined from continuing to prosecute, or otherwise initiating, claims within the scope of the Released Claims.

12. The Court finds that Class Counsel is entitled to attorneys' fees in the amount of $165,000 from the Settlement Fund as specified in the Settlement and Release Agreement, and that Class Counsel is additionally entitled to reimbursement from the Settlement Fund for litigation costs and expenses reasonably incurred in connection with the Action not to exceed $40,000 as specified in the Settlement and Release Agreement. The Court awards an incentive award to the Plaintiffs in the amount of $5,000 each, to be paid from the Settlement Fund in accordance with the Settlement Agreement.

13. This Final Order and Judgment, the Agreement, and all acts, statements, documents, or proceedings relating to the Agreement, are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the lawsuit, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the lawsuit. This Final Order and Judgment, the Agreement, and all acts, statements, documents, or proceedings relating to the Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any member of the Settlement Class, or any other person has suffered any damage; provided, however, that the Agreement and this Final Order and Judgment shall not be construed or admissible as an admission by Defendant that Plaintiffs' claims or any similar claims are suitable for class treatment. The Agreement's terms shall be forever binding on, and have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to claims released in the Agreement and other prohibitions set forth in this Final Order and Judgment that are maintained by, or on behalf of, any member of the Settlement Class or any other person subject to the provisions of this Final order and Judgment.

14. If the Effective Date, as defined in the Agreement, does not occur for any reason, this Final Order and Judgment and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Agreement shall be considered null and void. All of the Parties' obligations under the Agreement, the Preliminary Approval Order, and this Final Order and Judgment and the terms and provisions of the Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any

purpose, and any judgment or order entered by the Court in accordance with the terms of the Agreement shall be treated as vacated nunc pro tunc, and the Parties shall be restored to their respective positions in the lawsuit, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled lawsuit deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel.

15. Without affecting the finality of this Final Order and Judgment, the Court shall retain jurisdiction over all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement and this Order.

16. This Final Judgment and Order resolves all claims against all Parties in this lawsuit and is a final order and judgment.

17. This lawsuit is hereby dismissed with prejudice with each party to bear her or its own costs incurred, except as specified in the Agreement.

DATED: 11/13/2025           BY: _____
                                MATTHEW F. KENNELLY

# EXHIBIT A

# SMITHFIELD PACKAGED MEATS OPT OUT LIST

The following list of people submitted timely and valid requests to be excluded from the settlement approved in *dela Cruz, et al. v. Smithfield Packaged Meats Corp.*, N.D. Ill. Case No. 1:23-cv-17032, and shall not be bound by the Settlement Agreement on the attached final order and judgment in this matter:

1. Derrick Englehart- 1410 Lancaster Avenue, St. Charles, IL 60174

2. William and Stephanie Thomas, 1805 Forest Ridge Road, St. Charles, IL 60174